NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3330

_____

UNITED STATES OF AMERICA

v.

ISMAEL ZAYAS, a/k/a Phil, a/k/a Flac


Ismael Zayas,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No.  1-07-cr-00352-001)
District Judge:  Honorable Joseph E. Irenas

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2010

Before:  RENDELL, FISHER and GARTH, *Circuit Judges*.

(Filed: September 16, 2010 )

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Ismael Zayas pleaded guilty to one count of conspiracy to possess with intent to

distribute cocaine, in violation of 21 U.S.C. § 846, for which he was sentenced to a 164

month term of imprisonment. On appeal, Zayas challenges the reasonableness of his sentence. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties. They are familiar with the factual and legal history of the case, therefore, we will only set forth those facts necessary to our analysis.

On April 20, 2009, Appellant Ismael Zayas pleaded guilty in the United States District Court for the District of New Jersey to the charge of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The District Court accepted his guilty plea and requested that a Presentence Investigation Report (PSR) be prepared for the sentencing hearing. The PSR calculated a base offense level of 34, with a three level reduction for acceptance of responsibility, for a total offense level of 31. With a criminal history category of VI, Zayas's advisory guidelines range sentence was 188 to 235 months of imprisonment.

At a July 28, 2009 sentencing hearing, the District Court heard arguments from Zayas to lower his offense level and to have his sentence reduced below the advisory guidelines range. Zayas questioned his designation by the District Court as a "mid-level" drug dealer, as opposed to a "low-level" designation. He also asked the District Court to exercise its discretion and sentence him to a below guideline sentence due to, among other things, his guideline sentence being higher than that of his co-defendant.

Ultimately, after considering the 18 U.S.C. § 3553(a) factors, the Court sentenced Zayas to 164 months' incarceration, 24 months below the advisory guideline range.[1]

## II.

We review sentences for both procedural and substantive reasonableness under an abuse of discretion standard pursuant to *Gall v. United States*, 558 U.S. 38, 46-47 (2007); *see also United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) ("The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries.").

## III.

"We must first ensure that the district court committed no significant procedural error in arriving at its [sentencing] decision" and, if it has not, "we then review the substantive reasonableness of the sentence." *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008). "At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness." *Tomko*, 562 F.3d at 567.

Zayas does not challenge the procedural reasonableness of the District Court's decision. Furthermore, we see nothing in the record indicating a procedural error.

We have explained that "[f]or a sentence to be substantively reasonable, a district court must apply the § 3553(a) factors reasonably to the circumstances of the case." *Id.*

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

(internal quotes and citations omitted). "The pertinent inquiry is 'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors.'" *Id.* (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)). Since we "recognize that reasonableness is a range, not a point," we will affirm "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *Wise*, 515 F.3d at 218 (internal quotes and citations omitted).

At his sentencing hearing, Zayas made several arguments for a reduction in sentence that the District Court heard and considered. The District Court, not without sympathy for Zayas, addressed the § 3553(a) factors and explained its reasoning in detail, ultimately deciding that reducing his sentence 24 months below the guideline range, to 164 months of imprisonment, would serve as sufficient deterrent and punishment for Zayas. Zayas's arguments on appeal imply the District Court did not give proper weight to the mitigating factors he raised. However, as we have stated, "a district court's failure to give mitigating factors the weight a defendant contends they deserve" does not make a sentence unreasonable. *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007).

Only one argument made by Zayas contends the District Court unreasonably considered the § 3553(a) factors. Zayas claims his sentence was unreasonable because one of his co-defendants received a lower sentence, something § 3553(a)(6) cautions against. However, "Congress's primary goal in enacting § 3553(a)(6) was to promote

4

national uniformity in sentencing rather than uniformity among co-defendants in the same case." *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). "Therefore, a defendant cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences." *Id.* Even so, the District Court considered this argument and determined, though both were culpable for the same offense, that in light of their differing criminal histories the co-defendants were not similarly situated. This does not constitute an abuse of discretion.

III.

For the foregoing reasons, we will affirm the District Court.